IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| WILLIAM MCLAUGHLIN, *individually and on behalf of all others similarly situated*<br>127 North Marshall Street<br>Shamokin, PA 17872 | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |
| Plaintiff, | |
| v. | |
| CONSTRUCTION MASTERS SERVICES, LLC d/b/a SUMMIT FLAGGING<br>150 Grings Hill Road<br>Sinking Spring, PA 19608 | |
| Defendant. | |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff William McLaughlin ("Plaintiff") hereby brings this collective/class action against Defendant Construction Masters Services, LLC d/b/a Summit Flagging ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendant has unlawfully failed to pay him and other similarly-situated individuals employed in the positions of Traffic Control Flagger ("Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2. Plaintiff is a former employee of Defendant who is employed in the position of Traffic Control Flagger. During the course of their employment, Plaintiff and Class Plaintiffs

regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendant unlawfully failed to pay him and Class Plaintiffs overtime compensation for certain compensable pre- and post-shift work as well as certain compensable travel time in violation of the FLSA and PMWA.

3. Accordingly, Plaintiff contends that he and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to them as a result of Defendant's unlawful pay practices.

4. Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

**PARTIES**

9. Plaintiff William McLaughlin currently resides at 127 North Marshall Street, Shamokin, PA 17872.

10. Upon information and belief, Defendant Construction Masters Services, LLC d/b/a Summit Flagging is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters and office address registered with the Pennsylvania Secretary of State of 150 Grings Hill Road, Sinking Spring, PA 19608.

11. Upon information and belief, Defendant operates throughout the Commonwealth of Pennsylvania, including this judicial district.

12. Defendant is an "employer" and an enterprise engaged in commerce and thus covered by the FLSA.

13. Upon information and belief, Defendant is a covered enterprise and employer under the FLSA in that, in each of the past three (3) years, it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

14. Plaintiff and, upon information and belief, Class Plaintiffs are employees who were employed by Defendant during all times relevant hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

15. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same

3

were fully set forth at length herein.

17. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

18. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the positions of Traffic Control Flagger or in positions with substantially similar job duties who worked for Defendant at any point in the past three (3) years, were paid on an hourly basis, and denied overtime compensation due to Defendant's failure to count certain pre- and post-shift work and compensable travel time towards their total hours worked in violation of the FLSA ("Class Plaintiffs").

19. Plaintiff estimates that there are in excess of one hundred (100) other similarly-situated Traffic Control Flaggers who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

20. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's failure to count certain pre- and post-shift work, as well as compensable travel time, towards

their total hours worked under the FLSA/PMWA, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

21. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

22. Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23. Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the past three (3) years in the positions of Traffic Control Flagger, or in positions with substantially similar job duties, who were paid on an hourly basis and were denied overtime compensation due to Defendant's failure to count certain pre- and post-shift work and compensable travel time towards their total hours worked in violation of the PMWA.

24. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

25. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

    A. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

    B. Whether the pre- and post-shift work performed by Plaintiff and Class Plaintiffs was/is compensable under the PMWA;

    C. Whether the time Plaintiff and Class Plaintiffs spent/spend traveling between Defendant's office and their first job assignment, and from their last job assignment back to Defendant's office is compensable time under the PMWA;

    D. Whether the time Plaintiff and Class Plaintiffs spent/spend driving from their homes to and from their first and last job sites while transporting tools, supplies, and/or equipment for Defendant is compensable under the PMWA;

    E. Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

    F. Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

    G. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

26. Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Traffic Control Flagger who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to properly pay overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

27. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

28. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

29. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

    A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

    B. Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

    C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

30. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of

individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

31. Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32. Plaintiff William McLaughlin was employed by Defendant as a Traffic Control Flagger from June 6, 2022 to November 11, 2024.

33. Plaintiff was paid on an hourly basis.

34. Upon information and belief, all Traffic Control Flaggers employed by Defendant are paid on an hourly basis.

35. Plaintiff and, upon information and belief, all Traffic Controller Technicians/Flaggers employed by Defendant are classified by Defendant as "non-exempt" under the FLSA/PMWA.

36. As Traffic Control Flaggers, Plaintiff and Class Plaintiffs' primary job duties include setting up and maintaining traffic warning signs, cones, barriers, and rumble strips, as well as holding up signs to direct the flow of traffic through construction areas.

37. In addition, a substantial percentage of Defendant's Traffic Control Flaggers, including Plaintiff, were equipped with a non-CDL company vehicle (e.g. Ford F150s) and required, as part of their job duties for Defendant, to transport tools, supplies, and equipment therein to and from job sites for Defendant.

38. As such, Plaintiff, and, upon information and belief, all other Traffic Control Flaggers who were equipped with a company vehicle, were required to drive their company vehicle, loaded with equipment and supplies essential for the performance of Defendant's traffic control services, from their homes and/or temporary lodging to their first jobsite of the day.

39. Prior to commencing these transportation duties for Defendant, Plaintiff, and upon information and belief, all other Traffic Control Flaggers equipped with a company vehicle were required to conduct a pre-trip vehicle inspection and fill out an inspection report.

40. Plaintiff and, upon information and belief, all other Traffic Control Flaggers who were equipped with a company vehicle, would also be required to drive their company vehicle, again, laden with equipment and supplies, from their final jobsite of the day back to their homes and/or temporary lodging.

41. Plaintiff and, upon information and belief, all other Traffic Control Flaggers equipped with a company vehicle, were required to conduct a post-trip vehicle inspection and fill out an inspection report.

42. These trips between Plaintiff's home and/or temporary lodging and his jobsites often involved several hours of travel time per day, for which Plaintiff was not properly compensated.

43. In this regard, when Plaintiff first began working for Defendant, the company compensated its Traffic Control Flaggers for performing the aforementioned transportation duties with their company vehicles.

44. However, at some point in or around 2023, Defendant changed its policies so that Traffic Control Flaggers would only receive compensation for performing the aforementioned

transportation duties if their travel, one-way, lasted longer than 1 hour, in which case they would only be paid for the travel time beyond the first hour.

45. Upon information and belief, Plaintiff's experience was typical of all other Traffic Control Flaggers who were equipped with a company vehicle.

46. Plaintiff and, upon information and belief, all other Traffic Control Flaggers who were equipped with a company vehicle, were informed that their receipt of a company vehicle was contingent on their agreement to perform additional job duties for Defendant, including, but not limited to transporting necessary tools and equipment in the Traffic Trucks to Defendants' job sites, properly securing and maintaining said tools and equipment, conducting periodic inventory checks and completing related paperwork, and maintaining the company vehicles.

47. As compensation for these additional transportation and maintenance duties, those with company vehicles (such as Plaintiff) received a company credit card to cover any gas expenses. This consideration was not offered to Traffic Control Flaggers without a company vehicle, who were not required to transport tools and equipment for Defendant as those with company vehicles (such as Plaintiff) were as part of their job duties.

48. In addition to having to transport equipment and supplies for Defendant from his home and/or temporary lodging to Defendant's job sites, Plaintiff, and, upon information and belief, all other Traffic Control Flaggers who were equipped with a company vehicle, were required to report to Defendant's office at the start of the workday at least once every few weeks, on average, and sometimes several times per week, in order to pick up, load, and transport additional equipment needed for the day's work.

49. Upon information and belief, Traffic Control Flaggers based out of Defendant's Sinking Springs location would report to Defendant's office to pick up a truck and attend a safety meeting before traveling to their job site.

50. Nevertheless, Plaintiff and, upon information and belief, all other Traffic Control Flaggers who were equipped with a company vehicle, were denied payment for the time they spent performing this work at Defendant's office, as well as for the travel from Defendant's office to their first jobsite of the day (unless they were transporting large equipment such as an arrow board or light tree), which often involved multiple hours of driving one way.

51. Plaintiff and, upon information and belief, all other Traffic Control Flaggers who were equipped with a company vehicle, were also required to return to Defendant's office at the end of the workday approximately once a month, on average, in order to transport, unload, and drop off equipment.

52. As with the travel to Defendant's office, Plaintiff and, upon information and belief, all other Traffic Control Flaggers who were equipped with a company vehicle, were denied payment for the time they spent performing this work at the office, as well as for the return travel to Defendant's office (unless they were transporting large equipment such as an arrow board or light tree), which also often involved multiple hours of driving one way.

53. Finally, those Traffic Control Flaggers who, as Plaintiff, were designated as "Leads," were required to complete and submit paperwork for their team with specific details concerning the day's work.

54. However, despite the fact that completing and submitting this paperwork typically took approximately thirty (30) minutes per day, Plaintiff and other Lead Traffic Control Flaggers did not receive any compensation, let alone overtime compensation, for this extra work.

55. The time Plaintiff and Class Plaintiffs spent/spend traveling from Defendant's office(s) to their first job site and from their final job to back to Defendant's office(s) is "travel that is all in the day's work" and "work performed while traveling" within the meaning of the FLSA, see 29 C.F.R §§ 785.38, 785.41, as well as "time spent traveling as part of the duties of the employee during normal working hours" within the meaning of the PMWA, see 34 Pa. Code § 231.1.

56. The time Plaintiff and Class Plaintiffs spent/spend driving company vehicles laden with tools, supplies, and equipment to be used at Defendant's job sites between their homes and/or temporary lodging and jobsites as part of their job duties also qualifies as compensable travel time under the PMWA. See 34 Pa. Code § 231.1.

57. However, despite the compensability of Plaintiff's and Class Plaintiffs' travel time as set forth above, Defendant did not/does not compensate Plaintiff and Class Plaintiffs for all the hours they spent/spend traveling and/or performing compensable pre- and post-shift work.

58. By failing to accurately track and compensate Plaintiff and, upon information and belief, Class Plaintiffs, for the time they spend/spent performing pre-shift and post-shift work, and for compensable travel time, Defendant have failed to pay Plaintiff and, upon information and belief, Class Plaintiffs overtime compensation in violation of the FLSA/PMWA.

59. Plaintiff estimates that, as a result of the unlawful pay practices of Defendant described above, he and Class Plaintiffs have been denied compensation for approximately ten (10) hours of work per week.

60. Because Plaintiff and Class Plaintiffs are typically scheduled to work close to if not in excess of forty (40) hours per week (excluding the aforementioned pre- and post-shift

work and travel time), the vast majority of these unpaid hours are owed to Plaintiff and Class Plaintiffs at an overtime rate.

61. By way of example, during the workweek of September 1, 2024 to September 7, 2024, Plaintiff estimates that, in addition to working approximately 43.5 hours on job sites, he spent an additional two (2) to three (3) hours conducting vehicle inspections, filling out inspection reports, and completing daily paperwork for Defendants, and approximately ten (10) hours driving his company vehicle laden with tools, supplies, and equipment for Defendant between his home and jobsites.

62. Plaintiff estimates that he thus worked an additional twelve (12) to thirteen (13) hours for Defendant that particular workweek for which he received no compensation, resulting in the denial of overtime compensation for said time.

63. Defendant failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff and, upon information and belief, Class Plaintiffs, per day and per week as required by the FLSA. See 29 C.F.R. § 516.2.

64. Defendant was aware that Plaintiff and, upon information and belief, Class Plaintiffs were/are working significant overtime hours without properly receiving overtime compensation as aforesaid.

65. Plaintiff and Class Plaintiffs are/were compensated on an hourly basis and, as such, do not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA/PMWA.

66. Plaintiff and Class Plaintiffs did not/do not have the authority to hire, fire, or discipline other employees of Defendant, nor did/do they make recommendations with respect to employee status changes to which Defendant gives substantial weight.

67. As a result, Plaintiff and Class Plaintiffs do not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

68. Plaintiff and Class Plaintiffs did not/do not perform work directly related to Defendant's management or general business operations, nor did/do they exercise discretion or independent judgment regarding matters of significance to Defendant.

69. Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

70. Plaintiff's and Class Plaintiffs' primary duty did not/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction. In this regard, Plaintiff's and Class Plaintiffs' job duties did not/does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

71. Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/PMWA.

72. Upon information and belief, Plaintiff and, upon information and belief, Class Plaintiffs exclusively drove non-commercial vehicles, i.e. vehicles weighing less than ten thousand (10,000) pounds.

73. Thus, to the extent Defendant can be classified as a "motor carrier," which Plaintiff denies, Plaintiff was not, and, upon information and belief, Class Plaintiffs who were tasked with driving company vehicles were not, exempt from the payment of overtime compensation due to the Small Vehicle Exception to the Motor Carrier Exemption. See 29

U.S.C. § 13(b)(1); see also McMaster v. E. Armored Servs., 780 F.3d 167, 169-72 (3d Cir. 2015).

74. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

75. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

76. As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

77. Paragraphs 1 through 76 are hereby incorporated by reference as though the same were fully set forth at length herein.

78. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

79. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

80. Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

81. As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

82. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

83. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

84. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the positions of Traffic Control Flagger, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years, were paid on an hourly basis, and were denied overtime compensation due to Defendant's failure to count certain pre- and post-shift work and compensable travel time towards their total hours worked in violation of the FLSA, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiff by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

85.     Paragraphs 1 through 84 are hereby incorporated by reference as though the same were fully set forth at length herein.

86. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.113.

87. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

88. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours work.

89. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

        Respectfully submitted,

        **MURPHY LAW GROUP, LLC**

    By: /s/ Michael Groh
        Michael Groh, Esq.
        Michael Murphy, Esq.
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        mgroh@phillyemploymentlawyer.com
        murphy@phillyemploymentlawyer.com
        *Attorneys for Plaintiff*

Dated: June 10, 2025

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.